**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| TIMOTHY WINEY, | DOCKET NUMBER |
| Appellant, | DC-0432-12-0839-I-4 |
| v. | |
| DEPARTMENT OF DEFENSE, | DATE: August 10, 2016 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Joshua N. Rose, Esquire, Silver Spring, Maryland, for the appellant.

Carla Eldred, APO/AE, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed as untimely refiled his appeal of a performance-based action. Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED by this Final Order, we AFFIRM the initial decision. Specifically, we MODIFY the initial decision to address and reject the appellant's argument that good cause exists for the untimeliness of his refiled appeal because the Board did not send him notice that his refiled appeal was untimely.

¶2      The appellant filed an appeal of his removal, which the administrative judge dismissed without prejudice for 180 days pending the resolution of a related equal employment opportunity (EEO) complaint.  The appellant timely refiled, and the administrative judge again dismissed the appeal without prejudice because the EEO complaint was still pending.  The administrative judge then dismissed the appeal without prejudice a third time for the same reason.  *Winey v. Department of Defense*, MSPB Docket No. DC-0432-12-0839-I-3, Initial Decision (Nov. 13, 2013).  The administrative judge informed the appellant that he could refile his appeal no sooner than 36 days and no later than 180 days from the date of the initial decision.  *Id.* at 4.  The administrative judge further informed the appellant that any failure to timely refile his appeal would result, absent a showing of good cause, in the dismissal of the appeal with no right to refile.  *Id.*

¶3      On November 24, 2015, the appellant refiled his appeal approximately 18 months late.  *Winey v. Department of Defense*, MSPB Docket No. DC-0432-12-0839-I-4, Appeal File (I-4 AF), Tab 1.  The administrative judge ordered the appellant to show cause why the refiled appeal should not be dismissed as

untimely.  I-4 AF, Tab 2.  In response, the appellant argued that communications between him and his former counsel broke down, he only recently learned that the Equal Employment Opportunity Commission issued a decision in his complaint, and he was never served with any pleadings or decisions in his Board appeals. I-4 AF, Tab 3.  The administrative judge dismissed the refiled appeal as untimely filed with no showing of good cause for the filing delay.  Initial Decision (ID) at 7-11.

¶4        As the administrative judge noted, the appellant's arguments are very confusing.  He appears to contend on review that good cause exists because his counsel did not keep him apprised of activity in his appeal.  Petition for Review (PFR) File, Tab 1 at 2.  The administrative judge correctly stated that it was not clear whether the appellant's counsel had terminated his representation of the appellant. ID at 8-9.  The appellant alleges on review that he is still represented by counsel and that it is the Board's burden to prove that he is not.  PFR File, Tab 1 at 3-4.  Regardless, the appellant remained personally responsible for the prosecution of his appeal.  *Helmstetter v. Department of Homeland Security*, 106 M.S.P.R. 101, ¶ 3 (2007).  The appellant is responsible for the errors of his chosen representative, except when he has proven that his diligent efforts to prosecute his appeal were thwarted.  *Id.*  The appellant was a registered e-filer and was properly served with all of the documents in his case, as he now concedes.  Therefore, he was on notice that the deadline for refiling his appeal was 180 days from the date of the initial decision.  He implicitly seems to contend that he did not refile himself because he relied on his counsel to refile for him.  PFR File, Tab 1 at 2-3.  However, the appellant does not claim, and there is no evidence, that he affirmatively monitored the progress of his appeal rather than merely waited to be informed of the next step.  *Belcher v. U.S. Postal Service*, 101 M.S.P.R. 58, ¶ 7 (2006).  Therefore, the appellant has not shown that his diligent efforts to prosecute his appeal were thwarted, and has not established

sufficient grounds to overcome the well-established rule that an appellant is responsible for the mistakes of his representative.

¶5      The appellant's main argument on review is that he never received any notice from the Board that the refiling period had elapsed or was about to elapse. PFR File, Tab 1 at 4–6.  The Board already had informed the appellant of the refiling deadline in the initial decision.  It was the appellant's responsibility to keep track of time.  The Board does not send out reminders to parties that a deadline is upcoming or has passed, and we are aware of no authority that obligates the Board to do so.

¶6      Finally, the appellant may be attempting to argue that the administrative judge was biased against him.  *Id.* at 6-7.  In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators.  *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980).  The appellant's apparent claim is based entirely on the rulings that the administrative judge made during the adjudication of the appeal, and is therefore unpersuasive.  *Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 18 (2013).  Accordingly, we deny the appellant's petition for review.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.